THE STATE OF NEW JERSEY, EX REL. THE BOARD OF HEALTH OF THE BOROUGH OF VAILSBURGH,

*v.*

THE INHABITANTS OF THE TOWNSHIP OF EAST ORANGE, IN THE COUNTY OF ESSEX.

The authority conferred by the twenty-eighth and twenty-ninth sections of the act of March 31st, 1887 (*P. L. of 1887 p. 80*), upon local boards of health to maintain actions in this court to enjoin nuisances, is confined to nuisances arising and maintained within the territorial limits of the complaining board. For nuisances arising and maintained outside such territorial limits the remedy is by the action of the state board of health, under the act of May 24th, 1894 *P. L. of 1894 p. 495.*

Bill for injunction, and motion to strike out bill as on demurrer.

*Mr. J. Franklin Fort,* for the motion.

*Mr. Walter J. Knight, contra.*

PITNEY, V. C.

The bill is presented by the board of health of the borough of Vailsburgh, against the inhabitants of the township of East Orange, and sets forth a nuisance maintained by the latter municipality on land belonging to it, and situated within its territorial limits, which the bill alleges injuriously affects the residents of the borough of Vailsburgh, and it prays an injunction against its further maintenance. It is based upon the authority given by the twenty-eighth and twenty-ninth sections of the act of March 31st, 1887. *P. L. of 1887 p. 80* (at *p. 93*).

The ground of the motion is that the right to present the bill and maintain the suit is purely statutory, and is confined by its terms to nuisances existing and having their origin within the territorial limits of the complaining board of health.

Board of Health *v.* East Orange.

The twelfth section of the act provides that "the said local boards of health shall have power to pass ordinances" and make rules and regulations in regard to the public health "within their several jurisdictions," for the following purposes, among others:

"II. To define and declare what shall constitute nuisances in lots, docks, streets, wharves, vessels and piers and all public or private places.

"VI. To prohibit and remove any offensive matter or abate any nuisance in any public highway, road, street, avenue, alley or other place, public or private, and to cause the removal of the same at the expense of the owner."

The thirteenth section provides that "said local boards shall *within their respective jurisdictions* examine into all nuisances" &c., and shall cause the same to be removed and abated.

The fourteenth section provides that where "such nuisances" shall be found on private property the board shall give notice to remove the same to the owner of the land where it exists, and if the owner or owners thus having notification do not comply with such notification or order within the time specified by the said board of health, the board shall proceed to abate *such nuisance* &c.

The twenty-seventh section provides that a notice given by any inspector upon the part of any local board of health to abate any nuisance, or by the executive officer or other authorized member of said board, shall be taken as a notice from said board, and if the owner or person notified shall fail to abate the nuisance complained of, the board shall cause the same to be abated in a summary manner.

The twenty-eighth section, under which the bill is framed, provides that any such local board of health, instead of proceeding in a summary way to abate a nuisance, may file a bill in the court of chancery, in the name of the state on the relation of such board of health, for an injunction to prohibit the continuance of *such nuisance* &c.

The argument is, that in the several sections just referred to, preceding the twenty-eighth, the jurisdiction of the board to notify the creators or maintainers of a nuisance to remove or abate the same, and the right of the board to abate, is confined to nuisances arising within its jurisdiction, which is confined

to its territorial limits, and that it follows that the legislature meant by the words "such nuisances" found in the twenty-eighth section, those nuisances, and no others, which the board had been authorized by the previous section to abate. In other words, that the authority to bring suit in the court of chancery for an injunction against the maintenance of a nuisance, is confined to such a nuisance as the board has the right to abate in a summary manner.

Upon a careful consideration of all the sections of the act, I am forced to the conclusion that the position of the counsel for the defendant is well taken, and that the complainant has mistaken its remedy in this case. It should have applied to the state board of health for its assistance under the act of May 24th, 1894. *P. L. of 1894 p. 495.* The second section of that act seems to have been framed for the purpose of meeting the very case in hand.

The bill must be dismissed, with costs. The motion to attach for contempt, argued at same time, is refused, without costs.